IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY D. JONES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1812-D |
| | § | |
| RICK THALER, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Roy D. Jones, a Texas prisoner, seeking monetary damages as a result of being returned to prison for alleged parole violations without a proper hearing or a valid warrant. On July 12, 2011, plaintiff filed a form civil rights complaint in the Galveston Division of the Southern District of Texas. The complaint was construed as an application for writ of habeas corpus and transferred to the Dallas Division of the Northern District of Texas -- the district where plaintiff was convicted. *See Jones v. Thaler*, No. G-11-324, or. at 1-2 (S.D. Tex. Jul. 27, 2011). Upon receipt of the case file, the court sent written interrogatories to plaintiff to determine whether he intended to bring a civil rights action under 42 U.S.C. § 1983 or a habeas proceeding under 28 U.S.C. § 2254. Plaintiff was ordered to answer the interrogatories and file a form habeas petition by August 18, 2011, but he failed to do so. Instead, plaintiff wrote a letter

to the court stating that this case should proceed as a civil rights action under 42 U.S.C. § 1983. (*See* Doc. #9). The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

As best the court understands the confusing history of his case, it appears that plaintiff was erroneously released from TDCJ custody to mandatory supervision on May 8, 2008, after serving part of an eight-year sentence for aggravated robbery and aggravated assault, and part of a 10-year sentence for unauthorized use of a motor vehicle. (*See* Plf. Compl., Attch. at Page ID 19-20). While on release, petitioner was convicted of a felony drug offense. (*Id.*, Attch. at Page ID 12). Notwithstanding that conviction, a panel of the Texas parole board continued plaintiff on supervision, but recommended placement in an Intermediate Sanction Facility ("ISF") until discharge. (*Id.*, Attch. at Page ID 12-13). In September 2010, plaintiff was allegedly transferred from the ISF to TDCJ custody without a hearing or a valid warrant. (*Id.* at 4, ¶ V). Plaintiff now seeks monetary damages against various Texas prison officials "in an amount sufficient to compensate [him] for violation of [his] due process rights." (*Id.* at 4, ¶ VI).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim against Rick Thaler, Director of the TDCJ-CID. As a supervisory official, Thaler cannot be sued for civil rights violations unless he: (1) affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). Plaintiff does not allege any personal involvement by Thaler, and has not identified an official policy or custom that resulted in the denial of his constitutional rights. Because there is no vicarious liability under section 1983, plaintiff has failed to state a claim for relief against this defendant. *See Bell v. Livingston*, 356 Fed.Appx. 715, 716-17, 2009 WL 4884980 at *2 (5th Cir. Dec. 17, 2009) (TDCJ supervisory officials are not liable under section 1983 for the actions of subordinates).

C.

Moreover, plaintiff's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a state prisoner cannot bring a section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 114 S.Ct. at 2372. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence[.]" *Id.* If so, the claim is barred. *Id.*; *see also Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

Plaintiff generally alleges that his due process rights were violated when he was returned to TDCJ custody without a proper hearing or a valid warrant. (*See* Plf. Compl. at 4 ¶ V & Attch. at Page ID 6-8). Such claims necessarily imply the invalidity of plaintiff's conviction, which has never been declared invalid by a state tribunal or federal court. Plaintiff is therefore precluded from maintaining a civil rights action under 42 U.S.C. § 1983. *See Almendarez v. Huddleston*, No. 10-11228, 2011 WL 3209719 at *1 (5th Cir. Jul. 28, 2011), *citing McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (applying *Heck*-bar to civil rights claim involving illegal parole revocation warrant).[1]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] To the extent plaintiff seeks release from custody, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *See Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Maldonado v. Anderson*, No. 4-03-CV-0089-Y, 2003 WL 21212620 at *2 (N.D. Tex. May 13, 2003).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE